# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **BRUCE DANIEL ALLS,** : | **PRISONER CIVIL RIGHTS** |
| Plaintiff, : | **42 U.S.C. § 1983** |
| : | |
| v. : | |
| : | |
| **CORRECT HEALTH, INC., et al.,** : | **CIVIL ACTION NO.** |
| : | **1:11-CV-2977-TWT-AJB** |
| Defendants. : | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties and upon any unrepresented parties.

Within fourteen (14) days of service of this Order, a party may file written objections, if any, to the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be

adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this  21st   day of    November   , 2011.

 

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/8
2)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **BRUCE DANIEL ALLS,** | : | **PRISONER CIVIL RIGHTS** |
|    **Plaintiff,** | : | **42 U.S.C. § 1983** |
| | : | |
| **v.** | : | |
| | : | |
| **CORRECT HEALTH, INC., et al.,** | : | **CIVIL ACTION NO.** |
| | : | **1:11-CV-2977-TWT-AJB** |
|    **Defendants.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff, Bruce Daniel Alls, confined in the Rockdale County Jail in Conyers, Georgia, has submitted a civil rights complaint against Correct Health, Inc., and medical personnel. By separate Order, the Court granted Plaintiff *in forma pauperis* status. The matter is before the Court on the complaint, [Doc. 1], for screening under 28 U.S.C. § 1915A.

## I.  28 U.S.C. § 1915A Standard

A federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis

AO 72A
(Rev.8/82)

either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal quotation marks omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709

AO 72A (Rev.8/82)

(11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. *Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. <u>Discussion</u>

Plaintiff brings his action against Correct Health, Inc.; Dr. John Doe; and Nurse Teresa Jones, who provide services at the Rockdale County Jail, and alleges the facts that follow. [Doc. 1. ¶ III.] Plaintiff injured his little finger on June 1, 2011. He received an x-ray on June 16, 2011, which revealed a broken bone. Dr. Doe and Nurse

3

AO 72A
(Rev.8/8
2)

Jones both read the x-ray; Dr. Doe ordered that Plaintiff run his finger under hot water, and Nurse Jones wrapped Plaintiff's finger in an ace bandage. "Correct Health's polic[ies] and practices dictate[d] that [Dr. Doe's and Nurse Jones's] actions w[ere] to treat . . . Plaintiff's injury in such a way [so as] not to afford him adequate treatment" – leaving Plaintiff with a finger that is swollen, crooked, and will not bend. [*Id.* ¶ IV.] Plaintiff asserts that the inadequate treatment of his broken finger violated his Eighth Amendment rights, and he seeks damages and injunctive relief. [*Id.* ¶ V.]

The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical needs. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To show deliberate indifference to a serious medical need, a plaintiff must show (1) an objectively serious medical need and (2) the defendant's subjective awareness of a risk of serious harm based on that need and disregard of that risk with conduct that is more than grossly negligent. *Id.* at 1176 (holding that plaintiff must demonstrate that official's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" (internal quotation marks omitted) (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)); *see also Townsend v. Jefferson County*,

4

601 F.3d 1152, 1158 (11th Cir. 2010) (stating, "a claim of deliberate indifference requires proof of more than gross negligence"). As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a Constitutional violation. *See Harris v. Thigpen*, 941 F.2d 1495, 1504-05 (11th Cir. 1991).

A medical provider's examination/review of an x-ray of a broken finger (showing no displacement or dislocation) and prescription of pain medication without a splint is a matter of medical judgment and does not show deliberate indifference. *Linares v. Armour Corr. Health Servs., Inc.*, 385 Fed. Appx. 926, 927-28 (11th Cir. July 6, 2010) ("That a physician's assistant later ordered a splint or that [the plaintiff] felt that he should have been given a splint earlier demonstrates only a difference of opinion about the proper treatment.") Conservative treatment of a broken finger – x-rays, pain medication, ice, and motion therapy – does not, as a general rule, constitute deliberate indifference. *Sherrer v. Stephens,* 50 F.3d 496, 496-97 (8th Cir. 1994). Allegations of conservative treatment of the minor injury of a broken finger (the treatment included pain medication, ice, splint, and physical therapy) – which treatment resulted in an "extension contracture" of the finger (which required surgery) – did not show substantial harm or violate the Eighth Amendment's prohibition on cruel and

AO 72A (Rev.8/82)

unusual punishment. *Maxey v. Astorga*, No. 93-16952, 1994 WL 328212, *1-2 (9th Cir. July 6, 1994). In contrast, allegations that an inmate was required to wait two days for treatment (other than antibiotics and pain medication) of a dislocated/fractured finger, with bone exposed through the skin, state a claim of deliberate indifference. *Edwards v. Snyder*, 478 F.3d 827, 829, 831-32 (7th Cir. 2007).

A private entity, such as Correct Health, Inc., which "'contracts with a county to provide medical services to inmates . . . becomes the functional equivalent of [a] municipality' under § 1983." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997)). To succeed on a claim against a municipality, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Absent any allegations that the fracture to Plaintiff's smallest finger was more than minimal, the treatment of the fracture by x-ray and by wrapping Plaintiff's finger/hand in an ace bandage is a matter of medical judgment and does not show anything that exceeds gross negligence. That Plaintiff continues to have difficulty with his finger is insufficient to show that Dr. Doe and Nurse Jones deliberately disregarded

6

a risk of serious harm at the time they treated Plaintiff's finger. Without a showing that Dr. Doe's and Nurse Jones's actions violated the Constitution, Plaintiff fails to state a claim against Correct Health. This action should be dismissed without prejudice.[1]

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that this action be **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915A, for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  21st   day of November, 2011.

 

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice. *Quinlan v. Pers. Transp. Servs. Co.*, 329 Fed. Appx. 246, 249 (11th Cir. June 5, 2009) (stating that district court does not need to "allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice") (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.")).

AO 72A
(Rev.8/82)